IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JACQUELINE FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17CV298 |
| | ) | |
| KIRK DOUGLAS FREEMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Complaint [Doc. #2] filed by Plaintiff Jacqueline Freeman. In the Complaint, Plaintiff seeks to bring federal criminal charges against Kirk Douglas Freeman for failure to pay child support to her. Plaintiff also alleges that two attorneys, Maria Misse and Luther Culpepper IV, are liable for assisting Mr. Freeman "in evading prosecution for criminal contempt." (Complaint [Doc. #2] at 4.) Plaintiff seeks damages as relief, and has moved for the appointment of counsel [Doc. #4]. For the reasons set out below, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

In conjunction with the Complaint, Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis. "The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins

v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] In addition, the Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim on which relief may be granted. Plaintiff claims that Defendants are in violation of 18 U.S.C. § 228 and various other federal laws pertaining to child support enforcement. Section 228 is a criminal statute which does not provide a private right of action. Salahuddin v. Alaji, 232 F.3d 305 (2d Cir. 2000) (Section 228 does not provide private right of action); Darby v. Darby, No. 5:15CV521, 2016 WL 6477047 (E.D.N.C. Oct. 13, 2016) (same); see Doe v. Broderick, 225 F.3d 440, 447-448 (4th Cir. 2000) ("The Supreme Court historically has been loath to infer a private right of action from 'a bare criminal statute.'") (quoting Cort v. Ash, 422 U.S. 66, 80 (1975)). The other federal laws or regulations cited by Plaintiff generally facilitate the interstate collection of child support payments, but Plaintiff has not shown any basis for a private right of action in federal court or for relief under those provisions. There is also no basis on which this Court would support a "special prosecutor" as

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly"s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

Plaintiff requests. Plaintiff has therefore failed to state a claim upon which relief may be granted, and this action should be dismissed. See Ashcroft, 556 U.S. at 678. Given this recommendation, Plaintiff's motion to appoint counsel for this action will be denied.

Plaintiff's request to proceed in forma pauperis shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that in forma pauperis status is GRANTED for the sole purpose of entering this Order and Recommendation.

IT IS ORDERED that Plaintiff's Motion to appoint counsel [Doc. #4] is DENIED.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted.

This, the 19th day of May, 2017.

/s/ Joi Elizabeth Peake
United States Magistrate Judge